[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 299.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* GLENN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Glenn*, 1995-Ohio-35.]

*Attorneys at law—Misconduct—One-year suspension—Violation of a Disciplinary Rule—Conduct involving dishonesty, fraud, deceit or misrepresentation—Conduct adversely reflecting on fitness to practice law—Failure to preserve identity of funds or property belonging to client—Failure to promptly return or deliver client's property to client.*

(No. 94-2674—Submitted March 7, 1995—Decided June 14, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-49.

———————————

{¶ 1} In a complaint filed on August 16, 1993, relator, Cuyahoga County Bar Association, charged respondent, Everett L. Glenn of Newport Beach, California, Attorney Registration No. 0039545, with misconduct involving violations of, *inter alia*, DR 1-102(A)(1) (violation of Disciplinary Rule), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), 9-102(A)(2) (failure to preserve identity of funds or property belonging to client), and 9-102(B)(4) (failure to promptly return or deliver client's property to client). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on May 17 and June 29, 1994.

{¶ 2} The panel found that respondent had violated DR 1-102(A)(1), (4), and (6) because he requested and retained $20,000 of proceeds from the renegotiation of certain terms in a National Football League player's contract between his client, Richard Dent, and the Chicago Bears Football Club, without his client's consent. Respondent had represented Dent in negotiations for his 1984

contract and had also renegotiated his contract in 1989. In January 1992, after arranging for Dent to be paid the present value of $200,000 in reporting bonuses anticipated for upcoming years, respondent represented to the treasurer of the Chicago Bears that Dent had authorized his receipt of $20,000, or ten percent of the undiscounted amount. The treasurer, who had a history of negotiations with respondent, wired this money in the confidence that respondent would subsequently return the signed authorization form faxed to him at the same time.

{¶ 3} However, respondent never obtained Dent's signature on the authorization form, and he did not repay the money after Dent objected to the payment. Moreover, respondent could not explain at the hearing why he did not immediately forward the promised authorization form for Dent's signature. Thus, although respondent claimed he was owed this money and more for past services and that Dent had agreed to the payment, the panel credited Dent's testimony that he never authorized respondent's receipt of the $20,000 sum. The Chicago Bears subsequently refunded to Dent the difference between the present value of his advanced reporting bonuses and the $20,000 wired to respondent.

{¶ 4} The panel also found that respondent had violated DR 9-102(A)(2) and (B)(4) because he negotiated a $10,000 settlement check for damages caused to an automobile that Dent claimed to own. This misconduct occurred during the approximately three-year period in which respondent was an associate with Benesch, Friedlander, Coplan and Aronoff. Dent, who respondent brought with him as a client to the firm, purchased a Porsche as president of a company he had formed with Derrick Crawford and had apparently guaranteed the loan for the car personally. Crawford was involved in a collision while driving the car with permission, and his insurance company wrote a settlement check to Crawford and the Alabama attorney that respondent's law firm had retained to protect Dent's interests. The Alabama attorney signed the settlement check and forwarded it to respondent. Respondent endorsed the check, apparently with Crawford's

2

authorization, and deposited it in his own account on December 1, 1990 as payment for professional services he claimed to have provided Crawford. Respondent further claimed that he told Dent about having accepted the settlement check as payment for Crawford's fees and that Dent did not object for over a year, until respondent pursued arbitration proceedings before the National Football League Players' Association over a fee dispute between them.

{¶ 5} Dent, however, considered the settlement check his to be applied to the legal fees he paid for the Alabama attorney to represent Crawford and to the amount of the car loan. The panel agreed. It again credited Dent's testimony that respondent was at first evasive about having received the check and that Dent only suspected respondent of having converted the check when he realized in 1992 that respondent had paid himself $20,000 from the advanced reporting bonuses.

{¶ 6} Having found this misconduct, the panel recommended that respondent receive a one-year suspension from the practice of law, with the last six months stayed upon the condition that respondent provide full restitution to either Dent or the Chicago Bears Football Club, as is necessary to completely reimburse them for the misappropriated $20,000 and $10,000 amounts. The board adopted the panel's findings of misconduct and its recommendation.

_____

*Ellen S. Mandell, Laurie F. Starr* and *Mildred K. Schad*, for relator.
*Gerald Robert Walton*, for respondent.

_____

**Per Curiam.**

{¶ 7} We have reviewed the record with care and agree that respondent violated DR 1-102(A)(1), (4), and (6), and 9-102(A)(2) and (B)(4). However, we find the recommended sanction insufficient to redress misconduct of this severity. We, therefore, order that respondent be suspended from the practice of law in Ohio for one year. We further order that respondent may not be readmitted to the Ohio

Bar without proof of having made full restitution to the Chicago Bears and Dent, with interest at the judgment rate. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, WRIGHT and RESNICK, JJ., dissent.

————————————

**WRIGHT, J., dissenting.**

{¶ 8} Because I agree with the recommendation of the panel to suspend respondent from the practice of law in Ohio for one year with the last six months stayed upon the condition that respondent provide full restitution, I respectfully dissent.

DOUGLAS AND RESNICK, JJ., concur in the foregoing dissenting opinion.

————————————